IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JAMES RAY MOORE, | ) | 4:09CV3261 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| GIBSON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff filed his Complaint in this matter on December 22, 2009. (Filing No. 1.) Plaintiff has been given leave to proceed in forma pauperis. (Filing No. 6.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

## I. SUMMARY OF COMPLAINT

Plaintiff filed a Complaint on December 22, 2009, against two defendants, Gibson, "Lincoln Regional Center Superintendant [sic]," and Wampler, "attorney." (Filing No. 1 at CM/ECF p. 1.) Liberally construed, Plaintiff alleges that he is being unlawfully held at the Lincoln Regional Center as a dangerous sex offender by order of the Mental Health Board of Douglas County, Nebraska, pursuant to the Nebraska Mental Health Commitment Act. (*Id.* at CM/ECF pp. 1-2.) He states that there has been no judicial review of his commitment and that his attorney, Defendant Wampler, abandoned the appeal of the order of his detention. (*Id.*) Plaintiff seeks $1,800,000 in damages and a declaration that his rights have been violated. (*Id.*)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a

governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A.

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

**III. DISCUSSION OF CLAIMS**

Plaintiff's Complaint challenges the Mental Health Board's decision to confine him as a dangerous sex offender. However, the *Rooker-Feldman* doctrine provides that, with the exception of habeas corpus petitions, lower federal courts lack subject matter jurisdiction over challenges to state court judgments and state proceedings. *Mosby v. Ligon*, 418 F.3d 927, 931 (8th Cir. 2005). *See D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923). Specifically, the doctrine "bars federal courts from hearing cases brought by the losing parties in state court proceedings alleging 'injury caused by the state-court judgment and seeking review and rejection of that judgment.'" *Mosby*, 418 at 931

(quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005)). The *Rooker-Feldman* doctrine also applies to state proceedings that are essentially judicial in nature. *Feldman*, 460 U.S. at 467. *See also Ballinger v. Culotta*, 322 F.3d 546, 548 (8th Cir. 2003).

Here, Plaintiff has alleged that he is being unlawfully held at the Lincoln Regional Center as a dangerous sex offender by order of the mental health board. Plaintiff seeks monetary damages and a declaration that his constitutional rights have been violated. However, the court cannot review the constitutionality of Plaintiff's commitment without questioning the validity of the mental health board's judgment. Therefore, the *Rooker-Feldman* doctrine bars the consideration of Plaintiff's Complaint in this court. In order for Plaintiff to properly challenge his confinement, he must seek the appropriate state remedies. Once Plaintiff has exhausted his state remedies, he may seek habeas corpus relief in this court.[1] Thus, Plaintiff's claims will be dismissed, but the court will do so without prejudice to reassertion after he has exhausted his state remedies.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Complaint (filing no. 1) is dismissed without prejudice.

---

[1] Assuming the time in which to file a direct appeal of the mental health board's order has expired, Plaintiff has two alternatives to exhaust his state remedies. He may file a state petition for writ of habeas corpus pursuant to Neb. Rev. Stat. § 71-960, or he may file a request for a review hearing by the mental health board as set forth in Neb. Rev. Stat. §§ 71-932 and 71-935. In the event that Plaintiff chooses to file a state habeas corpus petition, he must then appeal that decision to the Nebraska Court of Appeals and then to the Nebraska Supreme Court. If Plaintiff instead seeks review by the mental health board, he must appeal the mental health board's decision to the county district court, and then to the Nebraska Court of Appeals and Nebraska Supreme Court. After exhausting his state remedies, Plaintiff may then seek habeas corpus relief in this court.

    2.    All pending motions are denied as moot.

    3.    A separate judgment will be entered in accordance with this Memorandum and Order.

February 11, 2010.        BY THE COURT:

*Richard G. Kopf*
United States District Judge

---

    *This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.